UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DARRIN SHIVERS,

                       **Plaintiff,**

v.                                                                                    22-CV-720-JLS-HKS

KENNETH MCGEE, Chief County Sheriff/
Erie County Dept. of Health

                       **Defendant.**

## REPORT, RECOMMENDATION & ORDER

This case was referred to the undersigned by the Hon. John L. Sinatra, Jr., pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #27.

Plaintiff filed this action on September 22, 2022, *pro se*, pursuant to 42 U.S.C. § 1983, alleging a claim for violation of the Eighth Amendment arising out of treatment he received for a broken ankle while a pretrial detainee at the Erie County Correctional Facility. Dkt. #1.

Currently before the Court is defendant's motion to dismiss plaintiff's complaint. Dkt. #26.

~ 1 ~

## BACKGROUND[1]

On March 19, 2022, plaintiff, who had a broken ankle, was arrested by the Buffalo police. Dkt. #1, p. 5. Plaintiff alleges that he was taken to the emergency room at the Erie County Medical Center ("ECMC") where he was seen by an orthopedic surgeon. *Id.* He further alleges that he was informed that he would need surgery on his ankle, and a follow-up appointment was scheduled. *Id.* He was then placed at the Erie County Holding Center ("ECHC"). *Id.*

Plaintiff was transported to his follow-up appointment on April 11, 2022. *Id.* He alleges that the orthopedist, Dr. Ritter, told him that he would need to undergo a CAT scan and then surgery to repair his ankle. *Id.*

On June 17, 2022, plaintiff made a sick call request asking why he had not yet had the CAT scan and surgery for his ankle. *Id.* Plaintiff alleges that the medical staff told him that Dr. Kevin McGee,[2] the Chief Medical Officer at the facility, had not approved the procedures. *Id.* Plaintiff further alleges that this left him to walk on a broken ankle,

---

[1] Both parties have attached exhibits to their filings. However, the Court will only reference such evidence where it is relevant to the question of mootness, which is reviewed under Fed. R. Civ. P. 12(b)(1). *See Levy v. Endeavor Air Inc.*, 638 F. Supp.3d 324, 327 (E.D.N.Y. 2022) ("[I]n resolving a motion challenging subject matter jurisdiction, 'a district court may consider evidence outside the pleadings.'") (citation and internal quotation marks omitted). As to defendant's Rule 12(b)(6) argument, the Court confines itself to the allegations of plaintiff's complaint. *See Barbuto v. Syracuse Univ.*, 5:23-CV-245, 2024 WL 3519684, at *2 (N.D.N.Y. July 24, 2024) (discussing different methods of review under Rule 12(b)(1) and Rule 12(b)(6)).

[2] Defendant states that he is incorrectly named in plaintiff's complaint as "Kenneth McGee" and that his first name is Kevin. Dkt. #26-1, ¶1. Plaintiff has not disputed this misnomer, so the Court will refer to this defendant by his correct name.

"with no support, which has cause[d] pain and more damage to [upper] right leg, with pain running up my leg." *Id.*

Plaintiff subsequently filed a grievance requesting surgery, but that grievance was denied initially and on administrative appeal. Dkt. #1, p. 8.

Plaintiff filed this action on September 22, 2022, pro se, naming as defendants John Garcia, the Erie County Sheriff, and Dr. McGee. Dkt. #1.[3] In his complaint, plaintiff sought an injunction requiring defendant to provide surgery for his ankle, and he also sought $600,000 for pain and suffering and the same amount for punitive damages. Dkt. # 1, p. 6. On October 3, 2022, plaintiff filed a motion repeating his request for injunctive relief. Dkt. #3.

On July 7, 2023, the presiding District Judge conducted an initial review of plaintiff's complaint as required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a)-(b). Dkt. #15. As relevant here, the Court found that, for screening purposes, plaintiff had adequately alleged a deliberate indifference claim against Dr. McGee under the Fourteenth Amendment. Dkt. #15, pp. 5-8.

The Court also ordered defendant to respond to plaintiff's request for injunctive relief and granted plaintiff's motion for *in forma pauperis* status. Dkt. #15, pp. 8-10.  The Court further ordered:

---

[3] The Court later dismissed Garcia because plaintiff failed to allege Garcia's personal involvement in the events in question. Dkt. #25.

> [T]he Clerk of Court shall cause the United States Marshals Service to serve the summons, the complaint (Dkt. 1), documents related to Plaintiff's request for injunctive relief (Dkt. 3; Dkt. 6; Dkt. 7), and a copy of this decision and order, on Dr. Kenneth McGee, without Plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in Plaintiff's favor.

Dkt. #15, p. 11. Finally, the Court also ordered the Clerk of Court to email the same documents to the Erie County Department of Law. *Id.*

A review of the Court's docket shows that the Clerk of Court emailed the documents as directed, but there is no entry reflecting that the Clerk sent a service packet to the U.S. Marshals Service. *See* "Staff Notes" dated 7/10/2023.

On July 12, 2023, plaintiff underwent surgery on his right ankle at the ECMC. Dkt. #19-1, pp. 318-350. On July 25, 2023, defendant filed a response to plaintiff's motion for injunctive relief, informing the Court that plaintiff had received the surgery he requested. Dkt. #19, ¶ 4. On August 8, 2023, the Court thus issued a text order denying plaintiff's motion for injunctive relief as moot. Dkt. #22.

On September 6, 2023, defendant filed the motion to dismiss now before the Court in which he states, *inter alia*, that he has not been served with process. Dkt. #26.

On September 25, 2023, plaintiff sent a letter to the Court stating that it had come to his attention the defendant had not been served in accordance with the Court's order directing the Clerk of Court to cause the U.S. Marshal's to serve Dr. McGee. Dkt. #30. Plaintiff also sent a letter directly to the Clerk of Court asking that service on Dr. McGee be completed. Dkt. #31.

## DISCUSSION AND ANALYSIS

### Rule 12(b)(6)

To survive a motion to dismiss pursuant Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Plausibility "depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011). Application of this standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679.

When considering motions to dismiss the claims of plaintiffs proceeding *pro se*, courts construe the pleadings liberally, reading such submissions to raise the

strongest arguments they suggest. *Weinstein v. Albright*, 261 F.3d 127, 132 (2d Cir. 2001). A *pro se* litigant should be afforded every reasonable opportunity to demonstrate that he has a valid claim. *Satchell v. Dilworth*, 745 F.2d 781, 785 (2d Cir. 1984).

### **Mootness**

Defendant first argues that this case is moot because plaintiff has received the surgery he requested. Dkt. #26-2, p. 3. The Court disagrees.

Article III of the United States Constitution "deprives a federal court of subject matter jurisdiction over an action once it becomes moot." *Tamarez v. Hochul*, Civil Action No. 21 Civ. 10678 (GHW) (SLC), 2023 WL 4564670, at *6 (S.D.N.Y. June 30, 2023) (citation and internal quotations omitted), *report and recommendation adopted*, 2023 WL 4562283 (S.D.N.Y. July 17, 2023). "Mootness is a doctrinal restriction stemming from the Article III requirement that federal courts decide only live cases or controversies." *Id.*

"A case becomes moot when interim relief or events have eradicated the effects of the defendant's act or omission, and there is no reasonable expectation that the alleged violation will recur." *Id.* "Where it is impossible for the court, through the exercise of their remedial powers, to do anything to redress the injury[,] the claim is moot." *Id.*

Here, accepting plaintiff's allegations as true, he was denied surgery for his broken ankle for approximately sixteen months while incarcerated, with Dr. McGee's

knowledge, causing him pain and suffering.[4] In his complaint, plaintiff states that he seeks, in addition to injunctive relief, compensatory and punitive damages for his pain and suffering. Thus, while his claim for injunctive relief has become moot, his claim for damages has not.

For example, in *Tamarez*, the plaintiff was a pretrial detainee who sought an injunction to prohibit her transfer from a facility on Rikers Island to another facility. *Tamarez*, 2023 WL 4564670, at *1. She filed an action under 42 U.S.C. § 1983, seeking injunctive relief as well as monetary damages. *Id.*

Plaintiff was transferred to the second facility but then transferred back to Rikers. *Id.* at *2. Because plaintiff made no showing that she would again be subject to transfer, the Court held that her claim for injunctive relief was moot. *Id.* at *7. The Court noted, however, that plaintiff's return to Rikers did not moot her claim for damages. *Id.* at *7, n.8.

Such is the case here, and defendant's argument that the case should be dismissed is thus not well taken.

---

[4] The Court understands that medical records that the parties have filed paint a broader and arguably different picture. However, as will be discussed below, those records are not properly considered at the pleading stage.

**Service of Process**

Defendant next argues that this case should be dismissed for lack of personal jurisdiction over Dr. McGee because he has never been served with process. Dkt. #26-2, pp. 4-5.

Fed. R. Civ. P. 4(m) provides that if a defendant is not served within ninety days after the complaint is filed, the court must dismiss the action without prejudice against that defendant or order that service be made within a specified time. *Catania v. Weremblewski*, 19-CV-677JLS(Sr), 2024 WL 1444598, at *6 (W.D.N.Y. Mar. 4, 2024), *report and recommendation* adopted, 2024 WL 1443971 (W.D.N.Y. April 1, 2024). If the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. *Id.* Thus, while the Court must provide an extension for good cause, the Court has discretion to extend the time to effect service regardless. *Id.* (citation and internal quotation marks omitted). "Good cause is measured against the plaintiff's reasonable efforts to effect service and the prejudice to the defendant from the delay." *Id.* "It is evidenced only in exceptional circumstances, where the insufficiency of service results from circumstances beyond the plaintiff's control." *Id.*

Once a plaintiff is granted permission to proceed *in forma pauperis*, the responsibility for effecting service of the summons and complaint shifts from the plaintiff to the court. *Id.* As a result, once Judge Sinatra granted plaintiff's IFP motion, plaintiff was entitled to rely on the United States Marshals to effect service. *Id.* "So long as a plaintiff proceeding IFP provides the information necessary to identify the defendant, the

Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m)." *Id.*

Here, the responsibility for the failure to have Dr. McGee served with process lies, not with plaintiff, but with the Court. Plaintiff's complaint identified Dr. McGee as a defendant and provided his address at the ECHC. Dkt. #1, pp. 1-2.

Moreover, while it is unclear why the Clerk of Court did not send a service packet to the U.S. Marshals, plaintiff was entitled to rely on the Court to do so. *Catania*, 2024 WL 1443971, at *6. Moreover, after defendant filed its motion to dismiss—noting that Dr. McGee had not been served—plaintiff wrote to the Clerk of Court to ask that service be completed. Dkt. ##30, 31.

Therefore, the Court concludes that good cause exists for an extension of time to permit service of process to be completed as to Dr. McGee.

**<u>Failure to State a Claim for Deliberate Indifference</u>**

Defendant's final argument is that plaintiff's complaint fails to state a claim under Rule 12 (b)(6).

First, because plaintiff was a pretrial detainee, his claim for deliberate indifference arises under the Due Process Clause of the Fourteenth Amendment rather than the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Watt v. City*

*of New York*, — F. Supp.3d —, 22-CV-6841 (AMD) (JAM), 2024 WL 3338267, at *9 (July 9, 2024) (citations omitted).

To allege a deliberate indifference claim based on inadequate medical care or treatment, plaintiff must satisfy a two-prong test. *Murrell v. Sheron*, 21-CV-6576-EAW, 2023 WL 1970487, at *5 (W.D.N.Y. Feb. 13, 2023). "First, the alleged deprivation of adequate medical care must be sufficiently serious." *Id.* (citation and internal quotation marks omitted). "A serious medical condition exists where the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Id.*

"Second, the defendant must act with a sufficiently culpable state of mind." *Id.* That is, "Plaintiff must allege that Defendants acted with a sufficiently culpable state of mind by recklessly failing to act with reasonable care to mitigate the risk to him even though they knew, or should have known, that their failure to act posed an excessive risk to Plaintiff's health." *Id.*

"In cases where a prisoner alleges a delay in medical treatment, courts examine both the seriousness of the prisoner's medical conditions and the harm caused by unreasonable delay." *Gutierrez v. Ruiz*, 3:22-cv-01058, 2022 WL 17585968, at *4 (D. Conn. Dec. 12, 2022) (citation and internal quotation marks omitted). "The court's objective serious medical need inquiry can properly take into account the severity of the temporary deprivation alleged by the prisoner." *Id.*

"In most instances, an inmate's challenge to a provider's medical judgment will raise an issue of negligence or medical malpractice that is insufficient to amount to a constitutional claim." *Id.* at *5. "However, in certain instances, a physician may be deliberately indifferent if he or she consciously chooses an easier and less efficacious treatment plan." *Id.*

Here, plaintiff's broken ankle constitutes a serious medical need. *See, e.g., Jiminez v. Sommer*, No. 14-cv-5166 (NSR), 2017 WL 3268859, at *5 (S.D.N.Y. July 28, 2017) (treating fractured ankle as a serious medical need); *Rivera v. Rodriguez*, No. 3:03-cv-645 (CFD), 2007 WL 911844, at *3 (D. Conn. Mar. 27, 2007) (assuming that fractured ankle is a serious medical need); *Shuler v. Edwards*, 485 F. Supp.2d 294, 299 (W.D.N.Y. 2007) (assuming that fractured ankle constitutes a serious medical need).

Second, plaintiff alleges that defendant refused to approve Dr. Ritter's recommendation that plaintiff undergo a CAT scan and then surgery to repair his ankle. Dkt. #1, p. 5. He further alleges that, as a result, he was left to walk on a broken ankle, with no support, which caused him pain and more damage. *Id.* And defendant agrees that plaintiff did not undergo surgery until over a year later.

These alleged facts are thus qualitatively different from those in cases where a delay in surgery is deemed not to satisfy the deliberate-indifference standard. In *Shuler*, for example, the plaintiff broke his ankle while incarcerated and was taken to the

hospital where the joint was immobilized with a splint; he received crutches and ibuprofen; and he returned the next day to undergo x-rays. *Shuler*, 485 F Supp.2d at 297. He then underwent surgery to repair his ankle seventeen days later. *Id.*

The Court held—on summary judgment—that the seventeen days that elapsed between plaintiff's x-rays and surgery did not amount to deliberate indifference on the part of the jail medical staff. *Id.* at 299.

Cases cited by defendant involved delays similarly shorter than the lengthy delay alleged here. *See, e.g., Waller v. DuBois*, No. 16-CV-6697 (KMK), 2018 WL 1605079, at *7 (S.D.N.Y. Mar. 29, 2018) (holding that 27-day delay in surgery did not constitute deliberate indifference).

Finally, defendant's motion to dismiss relies, not just on plaintiff's complaint, but on voluminous medical records and other evidence that are extrinsic to the pleadings. Dkt. #26-2, *passim*. Defendant may ultimately be proven correct that this evidence undermines plaintiff's claim, but at this procedural juncture the Court is constrained from considering it. *See Gagliardi v. Prager Metis CPAs LLC*, — F. Supp.3d —, 23-CV-7454 (JGLA) (RFT), 2024 WL 3219840, at *6 (June 28, 2024) (magistrate judge was correct not to consider extrinsic evidence in analyzing Rule 12(b)(6) motion).[5]

---

[5] Defendant also notes that plaintiff states in his supplemental complaint that Dr. Ritter's plan of care following the April 11, 2022 appointment was to manage plaintiff's ankle injury nonoperatively. Dkt. #24, p. 1. However, it is not clear that plaintiff is alleging this as a fact. Rather, the introductory paragraph states that plaintiff believes the allegations of defendant's filing in opposition to plaintiff's motion for injunction relief, from which this statement is drawn, to be in "bad faith" and "unfactual." Dkt. #24, p. 1. A reasonable inference then is that plaintiff actually disagrees with this

Therefore, mindful of the fact that this case is at the pleading stage and that plaintiff is pro se, the Court concludes that plaintiff has adequately pled a deliberate indifference claim.

## CONCLUSION

For the foregoing reasons, it is recommended that defendant's motion to dismiss (Dkt. #26) be denied.

Therefore, it is hereby ORDERED pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed .R. Civ. P. 72(b) and Local Rule 72(b).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to the

---

assertion. In any event, this does not change the Court's view as to the merits of defendant's Rule 12(b)(6) argument.

magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order</u>. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." <u>Failure to comply with the provisions of Rule 72(b) may result in the District Judge's refusal to consider the objection.</u>

The Clerk is hereby directed to send a copy of this Report, Recommendation and Order to the attorneys for the parties.

**SO ORDERED.**

DATED:   Buffalo, New York
         August 1, 2024

                                           <u> s/ H. Kenneth Schroeder, Jr.</u>
                                           **H. KENNETH SCHROEDER, JR.**
                                           **United States Magistrate Judge**